N9IAADAVP                    Plea

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            23 CR 292-01 (JSR)

JONATHAN DAVILA,

            Defendant.

------------------------------x
                                          New York, N.Y.
                                          September 18, 2023
                                          3:15 p.m.


Before:

                    HON. JED S. RAKOFF,

                                          District Judge


                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
DANIELLE SASSOON
     Assistant United States Attorney

JONATHAN MARVINNY
     Attorney for Defendant Davila
```

1               (Case called)
2               MS. SASSOON:  Good afternoon, your Honor.
3               Danielle Sassoon, for the United States.
4               MR. MARVINNY:  Good afternoon.
5               Federal Defenders of New York, Jonathan Marvinny, for
6       Jonathan Davila.
7               All right.  I understand the defendant wishes to
8       withdraw his previously entered plea of not guilty and plead
9       guilty to the one count indictment; is that right?
10              MR. MARVINNY:  That's correct, your Honor.
11              THE COURT:  Place the defendant under oath.
12              (Defendant Jonathan Davila sworn)
13              THE COURT:  So let me ask the defendant, how do you
14      pronounce your last name, "Davila"?
15              THE DEFENDANT:  Yes, sir.
16              THE COURT:  Let me advise you that because you are
17      under oath, anything that you say that is knowingly false could
18      subject you to punishment for perjury or obstruction of justice
19      for making a false statement; do you understand that?
20              THE DEFENDANT:  Yes, sir.
21              THE COURT:  Do you read, write, speak and understand
22      English?
23              THE DEFENDANT:  Yes, sir.
24              THE COURT:  How far did you go in school?
25              THE DEFENDANT:  GED.

```
1                THE COURT:  And how old are you now?
2                THE DEFENDANT:  Twenty-five.
3                THE COURT:  Have you ever been treated by a
4    psychologist or psychiatrist?
5                THE DEFENDANT:  No, sir.
6                THE COURT:  Have you ever been hospitalized for any
7    mental illness?
8                THE DEFENDANT:  No, sir.
9                THE COURT:  Have you ever been treated or hospitalized
10   for alcoholism?
11               THE DEFENDANT:  No, sir.
12               THE COURT:  Have you ever been treated or hospitalized
13   for drug addiction?
14               THE DEFENDANT:  No, sir.
15               THE COURT:  Are you currently under the care of a
16   doctor for any reason?
17               THE DEFENDANT:  No, sir.
18               THE COURT:  In the last 24 hours, have you taken any
19   pills or medicine of any kind?
20               THE DEFENDANT:  No, sir.
21               THE COURT:  Is your mind clear today?
22               THE DEFENDANT:  Yes, sir.
23               THE COURT:  Do you understand these proceedings?
24               THE DEFENDANT:  Yes, sir.
25               THE COURT:  On the basis of the defendant's responses
```

N9IAADAVP                         Plea

to my questions and my observations of his demeanor, I find he is fully competent to enter an informed plea at this time.

    Now, you have a right to be represented by counsel at every stage of these proceedings; do you understand that?

    THE DEFENDANT:  Yes, sir.

    THE COURT:  And if at any time you can't afford counsel then, as has already been the case, one would be appointed to represent you free of charge throughout these proceedings; do you understand that?

    THE DEFENDANT:  Yes, sir.

    THE COURT:  Are you represented by the Federal Defenders and are you satisfied what their representation?

    THE DEFENDANT:  Yes, sir.

    THE COURT:  Have you had a full opportunity to discuss this matter with your counsel?

    THE DEFENDANT:  Yes, sir.

    THE COURT:  Have you told him everything you know about this matter?

    THE DEFENDANT:  Yes, sir.

    THE COURT:  Now, you previously entered a plea of not guilty to indictment 23 CR 292 and you can continue with that plea of not guilty and go to trial, but my understanding is that you wish to enter a plea of guilty; is that right?

    THE DEFENDANT:  Yes, sir.

    THE COURT:  Before I can accept any plea guilty, I

1   need to make certain you understand the rights you will be
2   giving up if you plead guilty.  So I want to go over them now
3   with you.
4             Do you understand that?
5             THE DEFENDANT:  Yes, sir.
6             THE COURT:  And first, you have the right to a speedy
7   and public trial by a jury on the charge against you.
8             Do you understand that?
9             THE DEFENDANT:  Yes, sir.
10            THE COURT:  And second, if there were a trial, you
11  would be presumed innocent and the government would be required
12  to prove your guilt beyond a reasonable doubt before you could
13  be convicted of any charge.
14            Do you understand that?
15            THE DEFENDANT:  Yes, sir.
16            THE COURT:  Third, at trial you would have the right
17  to be represented by counsel, and once again, if you still
18  could not afford counsel, the Court would continue to
19  appointment one of the Federal Defenders throughout the trial
20  and at all other proceedings.
21            Do you understand that?
22            THE DEFENDANT:  Yes, sir.
23            THE COURT:  Fourth, at the trial you would have the
24  right to see and hear all of the witnesses and other evidence
25  against you and your attorney could cross-examine the witnesses

1   and object to the evidence and could offer evidence on your own
2   behalf if you so desired and could have subpoenas issued to
3   compel the attendance of witnesses and other evidence on your
4   behalf.
5             Do you understand all of that?
6             THE DEFENDANT:  Yes, sir.
7             THE COURT:  Fifth, at the trial you would have the
8   right to testify if you wanted to but no one could force you to
9   testify if you did not want to and no suggestion of guilt could
10  be drawn against you simply because you chose not to testify.
11            Do you understand that?
12            THE DEFENDANT:  Yes, sir.
13            THE COURT:  Finally, even if you were convicted you
14  would have the right to appeal your conviction.
15            Do you understand that?
16            THE DEFENDANT:  Yes, sir.
17            THE COURT:  Now, do you understand that if you plead
18  guilty you will be giving up each one of the rights we just
19  discussed.
20            Do you understand that?
21            THE DEFENDANT:  Yes, sir.
22            THE COURT:  Very good.  So, now, normally I ask
23  counsel if they want to waive the public reading of the
24  indictment but, counsel, I'll just read that now.
25            The grand jury charges on or about April 17, 2023 in

1    the Southern District of New York and elsewhere, Jonathan

2    Davila, the defendant, had previously been convicted in a court

3    of a crime punishable by imprisonment for a term exceeding one

4    year, knowingly processed a firearm, to wit, a loaded .22

5    caliber Phoenix Arms pistol model HP22A and the firearm laws in

6    effect interstate commerce.

7              have you gone over that with your lawyer; yes?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  You understand the charge against you;

10   yes?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Now, was there any plea agreement in this

13   case?

14             MS. SASSOON:  No.

15             THE COURT:  There's a Pimentel letter?

16             MS. SASSOON:  Yes, your Honor.

17             THE COURT:  Okay.  So, Mr. Davila, at this time I have

18   no idea what sentence I will impose in why your case, but one

19   of the factors I will look at are the sentencing guidelines.

20   Although, to be frank, I am not much of a fan of the sentencing

21   guidelines but I will take a look at them.  These are laws that

22   recommend the range in which it is recommended you be

23   sentenced.

24             Have you gone over all that with your lawyer?

25             THE DEFENDANT:  Yes, sir.

1    THE COURT:  And in that regard, I am furnished with a
2    Pimentel letter which we will mark as Court Exhibit One to
3    today's proceeding and it takes the form of a letter dated
4    September 11, 2023 from the government to defense counsel.
5            You've seen that letter, yes?
6            THE DEFENDANT:  Yes.
7            THE COURT:  This is not your position, just the
8    government's position of what they think the guidelines are.
9    It is not binding on you and it is not binding on me.
10           Do you understand that?
11           THE DEFENDANT:  Yes, sir.
12           THE COURT:  So the government says that they believe
13   that the guideline range is 57 to 71 months in prison.  Do you
14   understand that's their calculation, not binding on me, but
15   that is their calculation; yes?
16           THE DEFENDANT:  Yes, sir.
17           THE COURT:  Now, of course what is binding on me is
18   the statutory range.  Count One carries a maximum term of 15
19   years imprisonment, to be followed by up to three years
20   supervised release, plus a fine of whichever is greatest,
21   either $250,000 or twice the money derived from the crime or
22   twice the loss to any victims of the crime, plus a mandatory
23   $100 special assessment.
24           Do you understand that those are the maximum
25   punishments you face if you plead guilty?

1           THE DEFENDANT:  Yes, sir.

2           THE COURT:  Now, as I said, I have no idea at this

3  point what sentence I will impose if you plead guilty.  So if

4  anyone has made any kind of prediction or estimate or

5  representation to you of what your sentence will be in this

6  case, they could be wrong, and nevertheless, if you plead

7  guilty you will still be bound by my sentence.

8           Do you understand that?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  Has anyone promised you anything in

11 connection with this plea to get you to plead guilty?

12          THE DEFENDANT:  No, sir.

13          THE COURT:  And does the government confirm that no

14 promises have been made?

15          MS. SASSOON:  Confirmed, your Honor.

16          THE COURT:  Does defense counsel also confirm?

17          MR. MARVINNY:  Yes, confirmed.

18          THE COURT:  So, Mr. Davila, has anyone coerced you in

19 any way to get you to plead guilty?

20          THE DEFENDANT:  No, sir.

21          THE COURT:  Does the government represent that if this

22 case were to go to trial that they could prove every element of

23 the charge beyond a reasonable doubt?

24          MS. SASSOON:  Yes.

25          THE COURT:  Does defense counsel know of any valid

1   defense that would likely prevail at trial or any other reason
2   why his client should not plead guilty?
3           MR. MARVINNY:  No, your Honor.
4           THE COURT:  Mr. Davila, tell me in your own words what
5   it is that you did that makes guilty of this charge?
6           THE DEFENDANT:  On April 17, 2023, I possessed a
7   firearm, specifically, a pistol in the Bronx.  At that time, I
8   was aware I had previously been convicted of a felony offense.
9   I knew that possessing a gun was wrong and illegal.  I
10  apologize for my actions.
11          THE COURT:  And when you say you knew you were
12  convicted of a felony offense, you knew that meant an offense
13  that carried a penalty of more than one year; yes?
14          THE DEFENDANT:  Yes, sir.
15          THE COURT:  Very good.  Is there anything else
16  regarding the factual, where did this all occur?
17          THE DEFENDANT:  In the Bronx.
18          THE COURT:  Is there anything else regarding the
19  factual portion of the allocution that the government wishes
20  the Court to inquire about before I ask the defendant to
21  formally enter his plea?
22          MS. SASSOON:  Your Honor, one of the elements of the
23  offense is the interstate commerce element.  So, if your Honor
24  will proffer that if the case proceeded to trial the government
25  would prove that the firearm had traveled interstate.

1       THE COURT:  Thank you very much.

2       I should have asked you before, Mr. Davila, what you
3  just told me, you knew that what you were doing was illegal and
4  wrong; yes?

5       THE DEFENDANT:  Yes, sir.

6       THE COURT:  Very good.  Is there anything else
7  regarding any aspect of the allocution that either counsel
8  wishes the Court to further inquire about before I ask the
9  defendant to formally enter plea?  Anything else from the
10 government?

11      MS. SASSOON:  I just want to note on the record, your
12 Honor correctly stated a statutory maximum of 15 years.  The
13 indictment mistakenly cited a wrong penalty provision, the
14 updated one of 18 U.S.C. 924(a)(2).  The statutory maximum
15 needs to be ten years.  My understanding is that the defendant
16 is aware that it is in fact 15 years and this is the correct
17 penalty provision cited in the complaint.

18      THE COURT:  Okay.  Thank you for that correction, and
19 shame on the grand jury.

20      But in any event, you understand, Mr. Davila, that the
21 maximum is 15 years?  You understand that, yes?

22      THE DEFENDANT:  Yes, sir.

23      THE COURT:  Very good.  Anything from defense counsel?

24      MR. MARVINNY:  No.  Thank you.

25      THE COURT:  So, Mr. Davila, in light of everything

1  we've now discussed, how do you now plead to Count One of the
2  indictment 23 CR 229, guilty or not guilty?
3          THE DEFENDANT:  Guilty.
4          THE COURT:  Because the defendant's acknowledged guilt
5  as charged, because he has shown that he understand his rights,
6  and because his plea is entered knowingly and voluntarily and
7  supported by an independent basis in fact containing each
8  essential element of the offense, I accept his plea and adjudge
9  him guilty of Count One of indictment 23 CR 292.
10         Now, Mr. Davila, the next stage in this process is
11 that the probation department will interview you to prepare
12 what's called a presentence report.  During that interview you
13 can have your counsel present but under my practices you need
14 to personally answer the questions put to you by the probation
15 officer.
16         Do you understand that?
17         THE DEFENDANT:  Yes, sir.
18         THE COURT:  After that report is in draft form but
19 before it's in final form, you and your counsel will have a
20 chance to review it and offer suggestions, corrections and
21 additions, which the probation officer will then consider and
22 then give the final report to me.
23         Independent of that, counsel for both sides are hereby
24 given leave to submit directly to the Court in writing any and
25 all materials weighing on any aspect of the sentence provided

N9IAADAVP                     Plea

1    those materials are submitted no later than one week before
2    sentence.
3              We will put the sentence down for Monday, December
4    18th at noon.
5              All right.  Very good.  Anything else for me to take
6    up today?
7              MS. SASSOON:  No.  Thank you, your Honor.
8              MR. MARVINNY:  No.  Thank you.
9              THE COURT:  Very good.  Thanks a lot.
10             (Adjourned)